Alan J. Leiman (OSB No. 98074)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
alan@leimanlaw.com

Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
drew@leimanlaw.com

Andrew S. Lewinter (OSB No. 080031)
ANDREW LEWINTER, ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
andrewlewinter@yahoo.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>     v.<br><br>**CUARTO LLC,** and Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, an Oregon limited liability company, **SEXTO LLC**, an Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually,<br><br>Defendants. | **CASE NO**.:  6:14-cv-00777<br><br><br>**COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT**; **FLSA RETALIATION; OREGON WAGE AND HOUR LAWS**<br>Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS 652 and 653)<br><br><br><br>**DEMAND FOR JURY TRIAL** |

1 - Collective and Class Action Complaint

Plaintiffs, CORBYN VANCE and LOGAN VANCE, on behalf of themselves and all other similarly situated employees of Defendants bring this Fair Labor Standards Act ("FLSA") collective action and Fed R. Civ. P. Rule 23 class action Complaint for violations of Oregon's Wage and Hour laws against Defendants, SEPTIMO LLC, LBB LLC, SEXTO LLC, CUARTO LLC, PRIMERO LLC, SEGUNDO LLC, and QUINTO LLC, all collectively doing business as an enterprise engaged in commerce or the production or goods for commerce (hereinafter, collectively "Little Big Burger"), and individual defendants MICAH CAMDEN and KATHERINE POPPE.  Plaintiff LOGAN VANCE also brings a separate claim for retaliation under the FLSA. Plaintiffs make their individual allegations based upon personal knowledge. Plaintiffs allege all other allegations upon information and belief.

## INTRODUCTION

1.      This is a collective and class action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653 ("Oregon Wage and Hour Laws").

2.      Plaintiff Logan Vance also brings this action on his own behalf seeking reinstatement, backpay, front pay, compensatory damages, and punitive damages for his retaliatory termination, in violation of 29 U.S.C. § 215(a)(3), for complaining to Defendants about their unlawful overtime pay practices.

3.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendants' willful failure to pay wages, including overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Plaintiffs and for all others similarly situated in the course of their employment with the Defendants.

4.      Plaintiffs and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

5.      This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

7.      Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

8.      Plaintiff Logan Vance is a resident of Deschutes County, Oregon. Plaintiff Logan Vance was employed at Defendant Cuarto LLC's Little Big Burger restaurant in Eugene, Oregon during the three-year period preceding the filing of this Complaint. Defendants jointly and severally owe plaintiff Logan Vance unpaid overtime, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

9.      Plaintiff Corbyn Vance is a resident of Deschutes County Oregon. Plaintiff Corbyn Vance was employed as a cook and cashier at Defendant Cuarto LLC's Little Big Burger restaurant in Eugene, Oregon during the three-year period preceding the filing of this Complaint. Defendants jointly and severally owe plaintiff Corbyn Vance unpaid overtime, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour Laws.

10.    Plaintiffs bring their claims individually, and on behalf of all other similarly situated individuals who worked over 40 hours in a workweek for Defendants at any time within three years of the filing of this action, and were not paid time and one-half their regular rate of pay for all hours worked over 40 in a workweek.

11.    Defendants Primero LLC, Segundo LLC, LBB LLC, Cuarto LLC, Quinto LLC, Sexto LLC, Septimo LLC, are Oregon limited liability companies doing business in Portland and Eugene, Oregon. Defendants referenced in this paragraph (collectively "Little Big Burger"), are an enterprise engaged in commerce or the production of goods for commerce. Furthermore, these Defendants have acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.

12.    Defendants Primero LLC, Segundo LLC, LBB LLC, Cuarto LLC, Quinto LLC, Sexto LLC, Septimo LLC, each do business as separate "Little Big Burger" restaurants.  They are all part of the common enterprise described herein as "Little Big Burger."

13.    Defendant Katherine Poppe, an individual, is a member of each limited liability company in Little Big Burger.  Defendant Poppe is an individual engaged in commerce or the production of goods for commerce. Defendant Poppe has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.

14.    Defendant Micah Camden, an individual, is a member of each limited liability company in Little Big Burger.  Defendant Camden is an individual engaged in commerce or the production of goods for commerce. Defendant Camden has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.

15.    Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

4 - Collective and Class Action Complaint

16.     Defendants employed Plaintiffs and the similarly situated current and former employees referenced herein to work in the Little Big Burger restaurants during the three-year period preceding the filing of this complaint.

17.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendants directly or indirectly acted in the interest of an employer toward the Plaintiffs at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiffs.

18.     At all material times, Little Big Burger has been an enterprise within the meaning of 29 U.S.C. § 203(r).  Each individual limited liability company in Little Big Burger, Katherine Poppe and Micah Camden acted as joint employers of all Plaintiffs.

19.     At all material times, Little Big Burger has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Little Big Burger was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiffs and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

20.     All Defendants were joint employers of Plaintiffs because they (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. All Defendants are therefore jointly and severally liable to each Plaintiff for all claims alleged herein.

21.     At all material times, each Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

22.     Defendants Katherine Poppe and Micah Camden directed the day-to-day operations of all the individual limited liability companies in Little Big Burger. Defendants Katherine Poppe and Micah Camden set company policies, had the authority to hire and fire employees, and had the authority to sign checks at each Little Big Burger restaurant.

23.     Plaintiffs have retained the law firms of Leiman & Johnson, LLC and Andrew Lewinter, Attorney, P.C. to represent them individually, and have incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiffs are entitled to recovery of reasonable attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207; Collective Action)

24.     Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 23 above.

25.     At all material times, Plaintiffs performed duties for the benefit of, and on behalf of Defendants. Defendants were required to pay the Plaintiffs and the hereinafter defined FLSA Class members in accordance with the overtime provisions of the FLSA.

26.     Plaintiffs brings this collective class action under § 216(b) of the FLSA and against Defendants for unpaid overtime compensation, and related penalties and damages on behalf themselves and the following persons:

> All current and former employees of Defendants who were employed by Defendants at any of the Oregon Little Big Burger restaurants at any time within the three (3) years immediately preceding the filing of this Complaint; and who worked over forty (40) hours in any workweek within that period; and who did not receive time and one-half the employees' regular rate of pay for all hours worked over 40 in a workweek (the "FLSA Class").

27.    Plaintiffs bring the FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 USC § 216(b).  The FLSA claims may be pursued by those FLSA Class members who opt-in to this case pursuant to 29 USC § 216(b).

28.    Plaintiffs individually, and on behalf of FLSA Class members, seek relief on a collective basis alleging the FLSA was violated when they and others were not paid the correct amount of overtime due to them under the FLSA.  Plaintiffs and FLSA Class members are similarly situated because the underpayment of overtime was caused by an unlawful pay practice that was common to Defendants' employees.  Defendants' failure to pay time and one-half an employee's regular rate of pay for all hours worked over 40 in a workweek to Plaintiffs and FLSA Class members resulted in the underpayment of overtime to the Plaintiffs and FLSA Class members.  The number and identity of the other members of the putative FLSA Class may be readily determined from the records of Defendants, and potential opt-in FLSA Class members may be easily and quickly notified of the pendency of this action.

29.    Defendants have not paid Plaintiff and FLSA Class members time and one-half their regular rate of pay for all the hours they worked over 40 in a workweek in violation of 29 U.S.C. § 207.

30.    Plaintiffs and similarly situated FLSA Class members have not been paid all of the overtime wages owed to them by Defendants.

31.    Plaintiffs and similarly situated FLSA Class members are owed overtime wages for hours worked over 40 in a workweek at a rate equal to one-half of their regular rate of pay.

32.    Records of hours worked and wages paid are in possession and control of Defendants.

33.    Defendants' records show that Defendants failed to pay FLSA Class members overtime.

34.     At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiffs performed services and labor for Defendants for which Defendants failed to pay the correct amount of overtime when due. Plaintiffs are entitled to liquidated damages, or, alternatively, an Oregon wage penalty for Defendants' willful failure to pay overtime when due.

35.     Plaintiffs bring this action on their own behalf, and on behalf all similarly situated individuals seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

36.     Defendants violated §207 of the FLSA when they willfully failed to pay overtime to the Plaintiffs and FLSA Class members at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

37.     Defendants' failure to pay the Plaintiffs and FLSA Class members all overtime earned at one and one-half times their regular rate of pay resulted from the Defendants' willful act of knowingly adopting a pay practice and policy to pay employees their regular rate of pay for all hours worked over 40 in a workweek and not pay such hours at one and one-half the employees' regular rate of pay. Defendants' policy thus violated the FLSA and resulted in the underpayment of overtime pay to Plaintiffs and each FLSA Class Member.

38.     As a result of Defendants' willful failure to pay the Plaintiffs and FLSA Class members all of their overtime earned, Plaintiffs and FLSA Class members have incurred actual damages and are entitled to liquidated damages or a penalty under ORS 653.055, whichever is greater, but not both.

39.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and FLSA Class members have suffered damages and have also incurred costs and reasonable attorneys' fees.

8 - Collective and Class Action Complaint

## SECOND CLAIM FOR RELIEF
### (Logan Vance FLSA Retaliation Claim)

40.    Plaintiff Logan Vance re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 39 above.

41.    On or about January 19, 2014, Plaintiff Logan Vance complained to Matthew Lynch, General Manager of Little Big Burger, that Defendants were violating Oregon and Federal law by not paying him overtime for the hours he had worked in excess of 40 per week. Manager Lynch responded by stating that Little Big Burger "does not pay overtime."

42.    During late January and February 2014, Plaintiff Logan Vance approached several managers of Little Big Burger restaurants to inform them that it was illegal for Defendants to fail to pay them overtime. He asked if they wanted to take legal action together so that they would be paid the wages to which they were entitled.

43.    On or about March 11, 2014, Manager Lynch discharged Plaintiff Logan Vance.

44.    Plaintiff Logan Vance "filed a complaint," within the meaning of 29 U.S.C. § 215(a)(3), when he told General Manager Lynch that Defendants were violating Oregon and Federal law by not paying him overtime for the hours he had worked in excess of 40 per week. Plaintiff Logan Vance again "filed a complaint," within the meaning of 29 U.S.C. § 215(a)(3), when he told other Defendant managers that Defendants owed them overtime for the hours they had worked in excess of 40 per week, and suggested they take legal action against Defendants so that they would be paid in accordance with Oregon and Federal law.

45.    Defendants violated 29 U.S.C. § 215(a)(3) by discharging Plaintiff Logan Vance on or about March 11, 2014 because he filed complaints alleging that Defendants had failed to pay him overtime as required by the FLSA.

46.    Plaintiff Logan Vance is entitled to reinstatement or front pay, and backpay for Defendants' wrongful termination of him in violation of 29 U.S.C. § 215, as alleged above, pursuant to 29 U.S.C. § 216(b).

47.    Moreover, as a result of Defendants' actions described herein, Plaintiff Logan Vance has suffered emotional distress, humiliation, and loss of future earning capacity. These damages are continuing. Plaintiff Logan Vance is entitled to recover payment for these compensatory damages under 29 U.S.C. § 216(b) in an amount to be determined by the jury.

48.    Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights when they fired him on or about March 11, 2014 because he had filed complaints alleging that the Defendants had not paid him in accordance with the FLSA.  Plaintiff Logan Vance is therefore entitled to recover punitive damages under 29 U.S.C. § 216(b) for that violation in an amount to be determined by the jury.

49.    Plaintiff Logan Vance is entitled to the recovery of reasonable attorney fees and costs incurred in prosecuting this action pursuant to 29 U.S.C. § 216(b). Plaintiff Logan Vance is also entitled to his prejudgment and post-judgment interest on all awards.

### THIRD CLAIM FOR RELIEF/CLASS ACTION ALLEGATIONS
### (Violation of Oregon Wage and Hour Laws)

50.    Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 39 above.

51.    As alleged herein, Defendants willfully failed to pay Plaintiffs and similarly situated current and former employees overtime, thereby violating ORS 653.261.

52.    Plaintiffs and similarly situated current and former employees are owed overtime wages at a rate equal to one-half of their regular rate of pay for hours worked over 40 in a workweek.

53.    Records of hours worked and wages paid are in possession and control of Defendants.

10 - Collective and Class Action Complaint

54.    Defendants' records show that Defendants failed to pay overtime to Plaintiffs and similarly situated current and former employees.

55.    Plaintiffs bring a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and the following class of persons:

> All current and former employees of Defendants who were employed at any of the Oregon Little Big Burger restaurants at any time within the two (2) years immediately preceding the filing of this Complaint; and who worked over forty (40) hours in any workweek within that period; and who did not receive time and one-half the employees' regular rate of pay for all hours worked over 40 in a workweek (the "Oregon Wage Class").

56.    As a result of Defendants' willful failure to pay Plaintiffs and the Oregon Wage Class all of their overtime earned, as alleged above, Defendants failed to pay all wages when due, and are liable to Plaintiffs and the Oregon Wage Class for actual overtime wages owed, plus a penalty to be computed in accordance with ORS 652.150, or liquidated damages under the FLSA, whichever is greater, but not both.

57.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

58.    All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claims if those claims are certified for class-wide treatment.

59.    Plaintiffs' state law claims satisfy the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

60.    Numerosity (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards.  The Oregon Wage Class is believed to be approximately 80 people.  As a result,

joinder of all Class members in a single action is impracticable.  The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiffs but can be easily ascertained from Defendants' payroll records.  Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

61.     Commonality (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members.  All Oregon Wage Class members were subject to the same payroll practices that resulted in the underpayment of overtime. All Oregon Wage Class members received paychecks for more than 40 hours per week, but did not receive overtime compensation for those hours over 40 in a workweek. Thus, all Oregon Wage Class Members been paid incorrectly in the same manner, and all Oregon Wage Class members are owed additional wages, overtime, and other compensation.

62.     Common questions of fact include but are not limited to: (a) whether Defendants policy and practice of failing to pay overtime for all hours worked in excess of 40 in a workweek resulted in underpayment of wages and compensation; and (b) whether Defendants acted willfully in failing to pay the correct amount of wage.

63.     Common questions of law exist regarding: (a) whether Defendants paid overtime wages in accordance with Oregon Wage and Hour Law, ORS Chapters 652 and 653; (b) whether such actions were willful and (c) whether former employees are owed penalties under ORS 652 and ORS 653.

64.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency,

fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

65.     Typicality (Fed. R. Civ. P. 23(a)(3)):  Plaintiffs' claims are typical of Oregon Wage Class members' claims because:

      a.   Defendants employed Plaintiffs in the same or similar positions as the Oregon Wage Class members;

      b.   Plaintiffs and the Oregon Wage Class members were subject to the same payroll policies and were affected in the same manner by those policies;

      c.   All of the named Plaintiffs together with all of the Oregon Wage Class members received payment at their regular rate of pay for hours worked in excess of 40 per week;

      d.   All of the named Plaintiffs together with all of the Oregon Wage Class members are owed one-half their regular rate of pay for all hours they worked in excess of 40 per week;

      e.   Plaintiffs' claims are based on the same legal and remedial theories as those of the Oregon Wage Class and have similar factual circumstances; and

      f.   Plaintiffs have suffered the same or similar injury as did members of the Oregon Wage Class.

66.     Adequacy of Plaintiffs' Representation (Fed. R. Civ. P. 23(a)(4)):  The named Plaintiffs will fairly and adequately represent and protect the interests of the Oregon Wage Class because:

      a.   There is no conflict between their claims and the Oregon Wage Class' claims.

      b.   Plaintiffs have retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

      c.   Plaintiffs' claims are typical of the claims of the Oregon Wage Class members; and

      d.   Plaintiffs and their counsel will fairly and adequately protect the interests of the Oregon Wage Class members.

67.    A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.  There is minimal interest of members of the Oregon Wage Class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

b.  It is desirable to concentrate the litigation of these claims in this forum; and

c.  There are no unusual difficulties likely to be encountered in the management of this case as a class action.

68.    The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

69.    In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class members respectfully ask the Court to grant the following relief:

1.  On the First Claim for Relief, award Plaintiffs and Class members their actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207; or in the alternative an Oregon Wage penalty computed pursuant to ORS 652.150, whichever is greater.

2. On the Second Claim for Relief, award Plaintiff Logan Vance reinstatement or front pay, backpay, compensatory and punitive damages in an amount to be determined by the jury.

3. On the Third Claim for Relief, actual damages and penalty wages calculated according to ORS 652.150, in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

4. Award Plaintiffs and other similarly situated individuals their reasonable attorney fees and costs;

5. Award Plaintiffs and other similarly situated individuals their pre-judgment and post-judgment interest; and

6. Award Plaintiffs and other similarly situated individuals any and all such other legal and equitable relief as this Court deems just and proper.

//

//

//

//

//

//

//

//

//

//

//

DATED May 12, 2014.

Respectfully submitted,

___/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

___/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

___/s Andrew S. Lewinter_____
Andrew S. Lewinter
E-mail: andrewlewinter@yahoo.com
Oregon State Bar No: 080031
ANDREW LEWINTER ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Fax: (541) 686-1300
Of Attorneys for Plaintiffs