Todd A. Hanchett, OSB No. 992787
tahanchett@stoel.com
John B. Dudrey, OSB No. 083085
jbdudrey@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE**, individually and on behalf of others similarly situated,, <br><br>       Plaintiff, <br><br>    v. <br><br> **CUARTO LLC**, and Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, and Oregon limited liability company, **SEXTO LLC**, and Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually, <br><br>       Defendants. | Case No.: 6:14-cv-00777-MC <br><br> DEFENDANTS' MOTION FOR ATTORNEYS' FEES |

Page 1    -    DEFENDANTS' MOTION FOR ATTORNEYS' FEES

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to Local Rule 7-1(a), counsel for Defendants certify that they conferred with counsel for Plaintiffs regarding the basis for this Motion. Plaintiffs do not oppose this Motion.

## MOTION

On November 4, 2014, following a telephone hearing regarding Plaintiffs' decision to include a reference to a website called www.LBBcollectiveaction.com in the Court-approved notice of collective action and opt-in form, without first obtaining the Court or Defendants' approval, the Court ordered Plaintiffs to pay the attorneys' fees and costs reasonably incurred by Defendants in responding to the changes. Accordingly, Defendants move for an order directing Plaintiffs to pay them $3,892.00 in fees and $23.76 in costs. For the reasons explained in the supporting memorandum below, that amount is reasonable. This Motion is supported by the memorandum below and the Declaration of John B. Dudrey ("Dudrey Decl.") filed herewith. Plaintiff do not oppose this Motion. (*See* Dudrey Decl., ¶ 9.)

## MEMORANDUM IN SUPPORT

### I. BACKGROUND

The factual background for Defendants' Motion is brief and not in dispute.[1] Plaintiffs filed their Motion for Conditional FLSA Class Certification and Authorization for Notice to Potential Class Members ("Collective Action Motion") on August 13, 2014. Plaintiffs included their proposed notice and opt-in form along with their Collective Action Motion. Defendants responded on September 2, 2014. Defendants opposed the Collective Action Motion, and raised several objections to Plaintiffs' proposed notice and opt-in form. The proposed notice and opt-in

---

[1] Additional factual background is available in Defendants' letter to the Court in advance of the November 4, 2014 conference in which the Court issued its fee order. (*See* Dudrey Decl., Ex. 6.) The factual overview provided here is adopted from the facts set forth in that letter.

form Plaintiffs submitted with their Collective Action Motion did not contain a reference to a website. On Monday, October 6, 2014, the Court held oral argument on the Collective Action Motion.  The Court granted the Motion and, after counsel advised that they were in general agreement about the content of the notice and opt-in form, ordered that the parties submit any proposed changes by the end of the week (Friday, October 10, 2014).

On October 10, Plaintiffs' counsel provided Defendants' counsel with a copy of their proposed changes to the notice and opt-in form.  Again, the proposed notice and opt-in form did not mention a website.  Defendants' counsel advised Plaintiffs' counsel that they did not object to the changes, and authorized Plaintiffs' counsel to submit the notice and opt-in form to the Court as unopposed.  Plaintiffs' counsel did so on the same day; the copies they submitted to the Court did not mention a website.

Then, on Thursday, October 23, 2014, Plaintiffs' counsel sent Defendants' counsel an email enclosing the "final" notice and opt-in form.  Plaintiffs' counsel did not disclose that the forms contained a significant change from the version submitted to the Court on October 10: a reference to a website called www.LBBcollectiveaction.com, which apparently allowed putative collective members to submit their opt-in forms online.  Defendants discovered the change on the morning of Sunday, October 26, 2014 and immediately contacted Plaintiffs.

The Court held a telephone conference on November 4, 2014 and ordered Plaintiffs to remove any links to www.LBBcollectiveaction.com from social media accounts controlled by Plaintiffs.  (*See* Dkt. #26.)  Among other potential sanctions, it also ordered Plaintiffs to pay Defendants' reasonable attorneys' fees and costs in responding to the inclusion of references to the website in the notice and opt-in forms. This Motion for Attorneys' Fees followed.

## II.  DISCUSSION

A. **Defendants' Rates and Time Spent Responding to Plaintiffs' Unilateral Inclusion of References to the Website in the Notice and Opt-In Form Are Reasonable.**

"The customary method of determining fees . . . is known as the lodestar method. . . . The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).  In determining reasonableness, courts consider:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Sizemore v. City of Madras*, No. 02-74-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)).  The court then adjusts its lodestar calculation for reasonableness, if necessary, to arrive at a final amount.  *See Morales*, 96 F.3d at 363.

The time Defendants' counsel spent responding to Plaintiffs' unilateral inclusion of references to the website is shown in the following table:

| Rate | Hours | Total |
|---|---|---|
| **Todd A. Hanchett (Partner)** | | |
| $270.00/hour | 0.6 | $162.00 |
| **John B. Dudrey (Associate)** | | |
| $225.00/hour | 6.0 | $1,350.00 |

| Edward A. Piper (Associate) ||
| :---: | :---: |
| $225.00/hour | 3.3 | $742.50 |
| Wendy Wetherbee (Senior Legal Editor) ||
| $80.00/hour | 0.5 | $40.00 |
| *Total* | | **$2,294.50** |

(*See* Dudrey Decl., ¶ 2, Ex. 1.) Defendants also incurred $23.76 in research costs in responding to the change. (*Id*.) Additionally, Defendants incurred $1,597.50 in preparing this Motion. (*Id*., ¶ 2.) Based on the factors above, both Defendants' counsel's fees and the amount of time they spent responding to Plaintiffs' unilateral inclusion of references to the website are reasonable.

    1.    **Defendants' Counsel's Rates Are Reasonable.**

Given their qualifications and experience, Defendants' counsel's rates are reasonable. Stoel Rives is one of the most respected law firms in Oregon and nationwide. The firm is ranked among the top 30 law firms in the United States for the number of national first-tier practice areas listed in the *U.S. News & World Report "Best Law Firms in America"* survey. The annual *BTI Consulting Group* in-house counsel client satisfaction survey rated Stoel Rives among the nation's 35 best law firms for "exceptional" client service in 2010, 2011, and 2012. The Stoel Rives lawyers who worked on this matter included:

- Todd Hanchett, a partner who received his B.S. in 1996 from Walla Walla College and his J.D. in 1999 from Willamette University College of Law, where he was an Associate Editor of the *Willamette Law Review*. He was admitted to the Oregon State Bar ("OSB") in 1999, and is also admitted to the bar of Washington State, all U.S. District Courts in Oregon and Washington, and the Ninth Circuit Court of Appeals. His practice focuses exclusively on labor and employment law. He also holds leadership positions in numerous professional and civic organizations, including the Oregon Chapter of the

Page 5   -       DEFENDANTS' MOTION FOR ATTORNEYS' FEES

- Federal Bar Association and the Oregon Association of Defense Counsel. During this litigation, Mr. Hanchett's rate was $270.00 per hour.

- John Dudrey, an associate who received his B.A. in 2004 from the University of Oregon and his J.D. in 2008 from Lewis & Clark Law School, *summa cum laude*, where he was the Format & Style Editor of the Lewis & Clark Law Review. He was admitted to the OSB in 2008 and is also admitted to the U.S. District Court for the District of Oregon and the Ninth Circuit Court of Appeals. During this litigation, Mr. Dudrey's rate was $225.00 per hour.

- Ed Piper, an associate who received his B.A. with distinction in 2009 from Stanford University and his J.D. in 2012 from the University of California, Berkeley School of Law. He was admitted to the California bar in 2012 and the OSB in 2014. He practiced employment law at another large international law firm in California before joining Stoel Rives. He is active in several professional and civic organizations, including the Owen M. Panner Inn of Court. During this litigation, Mr. Piper's rate was $225.00 per hour.

- Wendy Wetherbee, a knowledgeable, experienced Stoel Rives staff member whose work on this case would otherwise have been performed by attorneys at higher hourly rates.

(*See id*., Exs. 2-4.)

Mr. Hanchett's, Mr. Dudrey's, and Mr. Piper's rates are all commensurate with those of other similar lawyers in the Portland-area legal market. The OSB conducted an economic survey of its membership in 2008. As part of its survey, the OSB gathered information regarding the hourly rates billed by litigators in Oregon, filtered by (1) geographical region, (2) total years admitted to practice, and (3) firm size. (*See id*., Ex. 5.) The rates charged by Stoel Rives lawyers are consistent with the rates charged by other members of the OSB in downtown

Portland, with the same amount of experience, in firms of the same size as Stoel Rives. According to the OSB survey, 45 percent of attorneys in downtown Portland reported hourly rates consistent with Defendants' counsel's rates in this case, *i.e.*, between $200.00 and $300.00. (*See id*. at 5.)

        **2.**    **The Time Defendants' Counsel Spent Responding to the Inclusion of References to the Website Was Reasonable.**

The time spent by Defendants' counsel in responding to Plaintiffs' unilateral inclusion of references to the website in the notice and opt-in form was also reasonable. The website's existence and inclusion on the form, which came as a surprise to Defendants, posed a serious and unwarranted threat to Defendants' business; any member of the public performing a Google search for "Little Big Burger" could discover it. Plaintiffs' decision to include references to it in the form also posed unusual questions about the Court's power to supervise the notice process and impose remedies for abuses of that process, which required legal research. However, Defendants' counsel spent a relatively modest amount of time addressing the issue—all in all, only ten hours of attorney time (excluding the preparation of this Motion). (*See id*., ¶ 2., Ex. 1.) Given all of those circumstances, that time was reasonable.

**B.**    **Defendants Should Also Recover Fees Incurred in Preparing This Motion.**

Fee awards often include "fees on fees," *i.e.*, the fees incurred by a party in preparing a fee petition. *See, e.g., Di Giovanni v. Alu, Inc.*, No. CV 09-314-PK, 2010 WL 3361036, at *3 (D. Or. July 28, 2010), *report and recommendation adopted*, No. CV 09-314-PK, 2010 WL 3386512 (D. Or. Aug. 25, 2010); *Lanphere Enterprises, Inc. v. Jiffy Lube Int'l, Inc.*, No. CV 01-1168-BR, 2004 WL 6081541, at *8 (D. Or. Feb. 10, 2004). Following the Court's Order, Defendants incurred $1,597.50 in fees in preparing this Motion. (Dudrey Decl., ¶ 2, Ex. 1.) Defendants respectfully request that the Court's award include those additional fees.

Page 7  -     DEFENDANTS' MOTION FOR ATTORNEYS' FEES

### III. CONCLUSION

For the reasons above, Defendants respectfully request that the court order Plaintiffs to pay Defendants' reasonable attorneys' fees in the amount of $2,294.50 and costs of $23.76, as well as an additional $1,597.50 for fees incurred in the preparation of this Motion.

DATED: December 17, 2014.

STOEL RIVES LLP


*s/ John B. Dudrey*
TODD A. HANCHETT
OSB No. 992787
JOHN B. DUDREY
OSB No. 083085
Telephone: (503) 224-3380

Attorneys for Defendants