IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CORBYN VANCE** and **LOGAN VANCE**,
individually and on behalf of others similarly
situated,

        Plaintiffs,

        v.

**CUARTO LLC**, an Oregon limited liability
company, **SEPTIMO LLC**, an Oregon
limited liability company, **LBB LLC**, an
Oregon limited liability company, **SEXTO
LLC**, an Oregon limited liability company,
**PRIMERO LLC**, an Oregon limited
liability company**, SEGUNDO LLC**, an
Oregon limited liability company, **QUINTO
LLC**, an Oregon limited liability company,
**OCTAVO**, an Oregon limited liability
company, **NOVENO**, an Oregon limited
liability company, collectively all doing
business as **LITTLE BIG BURGER** and
**MICAH CAMDEN** and **KATHERINE
POPPE**, individually,

        Defendants.

**Civ. No. 6:14-cv-00777-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge**:

    Defendants filed this motion for attorney fees and costs, ECF No. 36, in the amount of

$3,915.76. This Court previously awarded defendants "attorney fees for costs reasonable

incurred by defendants in litigating . . . inclusion of the website domain name on collective

1 – OPINION AND ORDER

action notices and opt-in forms." Order, Nov. 4, 2014, ECF No. 26. Upon review, defendants'

motion for attorney fees and costs, ECF No. 36, is GRANTED.

## DISCUSSION

To determine the amount of a reasonable fee, this Court proceeds in two steps. First, this

Court applies the lodestar method to determine what constitutes a reasonable attorney fee. *See*

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, this Court may "then adjust [the

lodestar] upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729

F.3d 1196, 1202 (9th Cir. 2013) (citations omitted) (internal quotation marks omitted). This

Court addresses each step in sequence.

### I. Lodestar Computation

"Under the lodestar method, [this Court] multiplies the number of hours the prevailing

party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citations and

internal quotation marks omitted). "The number of hours to be compensated is calculated by

considering whether, in light of the circumstances, the time could reasonably have been billed to

a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). To

determine the "reasonable hourly rate to use for attorneys and paralegals in computing the

lodestar amount[,]" this Court looks to the "prevailing market rates in the relevant community."

*Gonzalez*, 729 F.3d at 1205 (citations and internal quotation marks omitted). Defendants seek the

following:

| Name | Hourly Rate | Hours Claimed | Total Fees |
|---|---|---|---|
| Att'y Todd. A. Hanchett | $270 | .6 | $162.00 |
| Att'y John B. Dudrey | $225 | 6.0 | $1,350.00 |

| Att'y Edward A. Piper | $225 | 10.4[1] | $2,340.00 |
| Legal Editor Wendy Wetherbee | $80 | .5 | $40.00 |

*See* Decl. of John B. Dudrey 1–6, ECF No. 37-1. Upon review, this Court is satisfied that

defendants' sought number of attorney hours, 10.4, is reasonable under the circumstances.

Likewise, defendants' sought attorney hourly rates are consistent with the <u>Oregon State Bar 2012</u>

<u>Economic Survey</u>[2] in light of each attorneys' "experience, skill, and reputation." *Gonzalez*, 729

F.3d at 1205–206 (citations and internal quotation marks omitted).

## II. Lodestar Adjustment

"After making that computation, [this Court] then assess[es] whether it is necessary to

adjust the presumptively reasonable lodestar figure on the basis of [the *Kerr*] factors." *Ballen v.*

*City of Portland*, 466 F.3d 736, 746 (9th Cir. 2006) (citations omitted).[3] This Court, having

reviewed the *Kerr* factors, declines to further adjust the lodestar computation. *See id.* ("[O]nly in

in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively

accurate measure of reasonable fees." (citations omitted)).

---

[1] This hourly figure includes time spent by attorney Piper in preparing this fee petition. *See Di Giovanni v. Alu, Inc.*, No. CV 09-314-PK, 2010 WL 3361036, at *3 (D. Or. July 28, 2010), *findings and recommendation adopted*, 2010 WL 3386512 (D. Or. Aug. 25, 2010).

[2] Oregon State Bar Association, *Oregon State Bar 2012 Economic Survey* 29–30 (2012), http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

[3] In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), the Ninth Circuit identified the "appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees." The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skills requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* (citations and internal quotation marks omitted).

3 – OPINION AND ORDER

## CONCLUSION

For these reasons, defendants' motion for attorney fees and costs, ECF No. 36, is

GRANTED. Defendants are awarded attorney fees and costs in the amount of $3,915.76.

IT IS SO ORDERED.

DATED this 21st day of January, 2015.

**Michael J. McShane**
**United States District Judge**

- OPINION AND ORDER