**Alan J. Leiman (OSB No. 980746)**
alan@leimanlaw.com
**Drew G. Johnson (OSB No. 114289)**
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

**Andrew S. Lewinter (OSB No. 080031)**
ANDREW LEWINTER, ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrewlewinter@yahoo.com

**Todd A. Hanchett (OSB No. 992787)**
tahanchett@stoel.com
**John B. Dudrey (OSB No. 083085)**
jbdudrey@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CUARTO LLC**, an Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, an Oregon limited liability company, **SEXTO LLC**, an Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually,<br><br>Defendants. | Case No.:  6:14-cv-00777-MC<br><br><br>**Joint Motion and Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement** |

**Local Rule 7-1 Certification.** The Parties have conferred and this Motion for Preliminary Approval of class Action Settlement is filed jointly on behalf of all Plaintiffs and all Defendants pursuant to the Stipulated Settlement Agreement filed on [add] (Docket [add]).

**Motion.** Plaintiffs and Defendants jointly move this Court for an Order:

a)  Preliminarily approving the Stipulated Settlement Agreement (Docket [add]).

b)  Scheduling a Fairness Hearing on the question of whether the proposed Settlement should be approved as fair, reasonable and adequate to the Stipulated Rule 23 Settlement Class ("Rule 23 Class");

c)  Preliminarily certifying the Rule 23 Class for settlement purposes;

d)  Approving as to form and content the proposed Notice to the Rule 23 Class, attached hereto as Exhibit 3;

e)  Approving as to form and content the proposed Rule 23 Class Claim Form, attached hereto as Exhibit 2;

f)  Approving as to form and content the proposed Stipulated Class and Collective Action Settlement Agreement, attached hereto as Exhibit 1;

g)  Approving the proposed table of Allocations of Settlement Payments to Rule 23 Class Members, attached hereto as Exhibit 4;

h)  Directing the mailing of the Rule 23 Class Notice and Rule 23 Class Claim Forms by First Class Mail to Rule 23 Class members;

i)  Approving Alan J. Leiman and Drew Johnson of Leiman & Johnson, LLC and Andrew Lewinter of Andrew Lewinter, Attorney, P.C. as Class Counsel; approving Corbyn Vance

and Logan Vance as Class Representatives; and approving Class Action Administration,

Inc. as the Claims Administrator; and

j)    Vacating all pre-trial deadlines.

This Motion is supported by the Memorandum of Law and the Declaration of Alan J.

Leiman and the Exhibits filed herewith.


DATED: January 13, 2016                    Respectfully submitted,


                                           /s Alan J. Leiman
                                           Alan J. Leiman
                                           E-mail: alan@leimanlaw.com
                                           Oregon State Bar No.:  98074
                                           44 W. Broadway, Suite 326
                                           Eugene, OR  97401
                                           Telephone: (541) 345-2376
                                           Facsimile:  (541) 345-2377
                                           Of Attorneys for Plaintiffs


                                           /s Drew G. Johnson
                                           Drew G. Johnson
                                           E-mail: drew@leimanlaw.com
                                           Oregon State Bar No.:  114289
                                           44 W. Broadway, Suite 326
                                           Eugene, OR  97401
                                           Telephone: (541) 345-2376
                                           Facsimile:  (541) 345-2377


                                           /s Andrew Lewinter
                                           Andrew Lewinter
                                           E-mail: andrewlewinter@yahoo.com
                                           Oregon State Bar No.: 080031
                                           101 E. Broadway, Suite 220
                                           Eugene, OR 97401
                                           Telephone: (541) 686-4900
                                           Facsimile: (541) 686-1300
                                           Attorney for Plaintiffs

/s Todd A. Hanchett
Todd A. Hanchett
Email: tahanchett@stoel.com
Oregon State Bar No. 992787
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Of Attorneys for Defendants


/s John B. Dudrey
John B. Dudrey
Email: jbdudrey@stoel.com
Oregon State Bar No. 083085
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Of Attorneys for Defendants

**Alan J. Leiman (OSB No. 980746)**
alan@leimanlaw.com
**Drew G. Johnson (OSB No. 114289)**
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

**Andrew S. Lewinter (OSB No. 080031)**
ANDREW LEWINTER, ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrewlewinter@yahoo.com

**Todd A. Hanchett (OSB No. 992787)**
tahanchett@stoel.com
**John B. Dudrey (OSB No. 083085)**
jbdudrey@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CUARTO LLC**, an Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, an Oregon limited liability company, **SEXTO LLC**, an Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually,<br><br>Defendants. | Case No.:  6:14-cv-00777-MC<br><br><br>**Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement** |

## I.  Introduction

Following a settlement conference conducted by the Honorable Michael H. Simon on November 13, 2015, Plaintiffs Corbyn Vance and Logan Vance (collectively "Plaintiffs") and all Defendants negotiated and entered into a Stipulated Settlement Agreement, subject to Court approval (the "Settlement"), filed concurrently with this Joint Motion for Preliminary Approval of Class Action Settlement.  (Doc. ___) (the "Motion").

Pursuant to this Motion and the Settlement, the Parties respectfully request that the Court enter an Order (i) preliminarily approving the Settlement; (ii) scheduling a Fairness Hearing on the question of whether the Settlement should be approved; (iii) preliminarily certifying the Rule 23 Class for settlement purposes; (iv) approving as to form and content the proposed Notice to the Rule 23 Class; (v) approving as to form and content the proposed Rule 23 Class Claim Form; (vi) approving Alan J. Leiman and Drew G. Johnson of Leiman & Johnson, LLC, and Andrew Lewinter of Andrew Lewinter, Attorney, P.C. as Class Counsel, Plaintiffs as Class Representatives, and Class Action Administration, Inc. as the Claims Administrator; and (vii) vacating all pretrial deadlines.

As set forth herein, preliminary approval of the Settlement is appropriate for the following reasons:

• the Settlement is fair, adequate and reasonable and satisfies the requirements for a fair settlement set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998);

• the Settlement meets all the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

•      the proposed Notices to the Rule 23 Class are adequate and satisfy due process; and

•      Class Counsel will fairly and adequately represent the interests of the Rule 23 Class as required by Fed. R. Civ. P. 23(g).

Accordingly, the Parties request that the Court enter an Order preliminary approving the Settlement and vacating all current pre-trial deadlines.

## II.  Procedural History and Settlement Terms

### B.  The Pleadings

This is a class action case for unpaid overtime.  Defendants Micah Camden ("Camden") and Katherine Poppe ("Poppe") owned and controlled eight limited liability company defendants that comprised the Little Big Burger ("LBB") chain of hamburger restaurants in Portland and Eugene.  Defendants admit that they did not pay the overtime premium to all LBB employees who worked over 40 hours in a workweek, as required by the Fair Labor Standards Act (FLSA) and Oregon law, until after this lawsuit was filed.

Plaintiffs, former employees of certain Defendants, brought this action on behalf of themselves and other similarly situated current and former employees seeking to recover unpaid wages, overtime, liquidated damages, penalties, costs, and attorney fees resulting from the alleged underpayment of overtime by Defendants.  The Complaint also alleges that Logan Vance was terminated in retaliation for complaining about his employer's failure to pay overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

In early August 2015, with the Court's consent, the parties asked Judge Michael H. Simon to conduct a settlement conference. Judge Simon conducted a settlement conference on November 13, 2015.  Plaintiffs Corbyn Vance and Logan Vance and Defendants Camden and

Poppe attended that conference, represented by their respective attorneys. At that conference, the parties reached agreement on all material terms, subject to the preparation of final settlement documents to be submitted within 60 days to the Court for its review and approval.

### C. Discovery by the Parties

The parties have engaged in extensive discovery since this action was filed on May 12, 2014. Plaintiffs and Defendants served both Interrogatories and Requests for Production. Plaintiffs reviewed hundreds of pages of payroll records and time sheets of putative class members for the three-year period at issue. Plaintiffs employed an economic consultant to analyze that massive amount of data.

Plaintiffs deposed Camden, Poppe, and Defendants' General Manager. Defendants deposed Plaintiff Logan Vance.

### D. Defendants' Records

#### 1. Defendants' Existing Records

Based on the records produced by Defendants, there are 123 current and former employees who are members of the putative Rule 23 class, including the named plaintiffs. Of that number, 33 individuals returned timely opt-in Consents to join the previously conditionally certified FLSA Class.

#### 2. Defendants' Missing Records

Defendants' existing records make it difficult to estimate the overtime the putative Rule 23 Class members may be owed. For example, on some occasions Defendants assigned new employees former employees' identification numbers. In addition, some employees worked at multiple locations within the Little Big Burger enterprise. Finally, some of the time records were simply missing. As explained below, Plaintiffs used several "data quality factors" to draw

Joint Motion and Memorandum in Support of Joint Motion for Preliminary Approval of Class Action Settlement                                                                 Page 8

inferences about the amount of overtime that each of those employees was owed.  Plaintiffs used that methodology to estimate damages for those Rule 23 Class members whose existing records did not clearly show they were owed overtime.

### E.  The Settlement Stipulation

As set forth in the Settlement, the Parties have agreed to settle this action in recognition of the risks, uncertainties and expense of continued litigation.  Plaintiffs and their counsel, after evaluation of the disputed and factual and legal issues, and weighing the risks, uncertainties and expense of continued litigation against the benefits of a mediated compromise have concluded that a settlement of this Action on the terms and conditions set forth in the Settlement is fair, adequate, and reasonable, and in the best interests of Plaintiffs and Rule 23 Class. The proposed Settlement provides a fair, efficient, cost-effective, and assured procedure for providing a monetary award to Plaintiffs and the members of the Rule 23 Class.

Defendants and their counsel, taking into account the risks, uncertainties, disruptions and expense involved in the Action, and having a desire to put this controversy to rest, have concluded that a settlement of the Action on the terms and conditions set forth in the Settlement is in the best interest of Defendants because it will end and encompass all pending, threatened, or possible litigation and/or claims by Plaintiffs or the settlement classes against Defendants that involve or allege that have been asserted in the Complaint.

The essential terms of the settlement follow:

1. **Settlement Consideration**.  Defendants have agreed to pay a gross Settlement amount (the "Settlement Amount") of SIX HUNDRED AND SEVENTY-FIVE THOUSAND ($675,000) to be used to pay: (i) settlement payments to the Rule 23 Class members; (ii) Plaintiffs' attorneys' fees of $225,000; (iii) Plaintiffs'

litigation costs not to exceed $23,000; (iv) Service Payments to the named Plaintiffs for their efforts and participation in the litigation totaling $12,500 ($5,000 to Logan Vance, $7,500 to Corbyn Vance); (v) claims administration costs for processing of the notices, claim forms, and settlement payments totaling $18,000; (vi) Payment to Logan Vance as settlement of his retaliation claim under 29 U.S.C. § 215(a)(3); any other amount necessary to perform the Settlement as approved by the Court. The Settlement provides that unclaimed settlement funds will revert to the Defendants.

2. **Allocation of Settlement Payments to Rule 23 Class Members**. The parties ask the Court to approve an allocation to the Rule 23 Class members as follows.  The basis for each employee's recovery depends on a number of factors, including whether there the employee has opted in under the Fair Labor Standards Act and whether existing records show the overtime owed. Where the time records are missing or incomplete, the Parties have agreed on the formula described below to estimate the overtime owed.  What follows is a brief description of the bases for calculation of each Rule 23 Class member's damages and the total amounts for damages calculated in each category.

   a. **Pay for overtime owed shown on Defendants' time records**. The records Defendants provided show that 93 employees are owed varying amounts of overtime totaling $77,038.98.

   b. **Pay for Liquidated Damages**.  The 33 employees who opted in under the Fair Labor Standards Act will receive "an additional equal amount as liquidated damages," pursuant to 29 U.S.C. § 216(b). The total amount of

liquidated damages to those 33 employees, based on the records Defendants provided, is $25,770.57.

c. **Pay for single penalty to each employee owed overtime based on Defendants' time records**. The Settlement provided for the payment of a single ORS 652.150 wage penalty equal to 240 hours of pay at each Class member's last known regular rate of pay. Based on the time records Defendants provided, that total amount is $232,536.00.

d. **Allocation of Remaining funds**. $46,154.45 remains after accounting for the damages based on amounts showing on the records Defendants provided. However, as explained above, Defendants' records include significant gaps in the data. The parties drew inferences based on a number of "data quality factors" related to the likelihood that employees are owed more overtime than the records actually reflect. The number of factors applicable to each employee is directly related to the strength of the inference that that particular employee is owed overtime. That total amount is divided between the 30 employees whose records do not actually reflect overtime owed in amounts directly related to the number of data quality factors for each employee. For these 30 employees only, for taxation purposes, one-third of their Settlement Payments are being paid as wages subject to standard wage withholding, and the balance is being paid subject to IRS Form 1099 reporting.

3. **Release of Claims**. Pursuant to the Settlement, upon the Court's final approval, the Plaintiffs and the Rule 23 Class members release Defendants from liability on

the terms set forth in Section 6 of the attached Stipulated Class and Collective Action Settlement Agreement.

4. **Approval of Settlement**.  Pursuant to 28 U.S.C. § 1715, within ten (10) days of filing this Motion for Preliminary Approval, Defendants will provide notice of the Settlement to the Attorney General of the United States and the Oregon Attorney General, as well as the Attorney General of any other state in which a class member resides.  The Parties will not seek final approval of the Settlement until at least 90 days following the provision of the required notices pursuant to Section 28 U.S.C. §1715 (d).

5. **Notice to Class Members.**  Within fourteen (14) calendar days following the Court's Order granting preliminary approval of the Settlement, Defendants will forward to the independent third-party claims administrator (the "Claims Administrator") the names, addresses, last known telephone numbers (if available) and social security numbers of the Rule 23 Class members, including the named Plaintiffs.  Thereafter, within thirty (30) calendar days, the Claims Administrator will mail, via regular first-class U.S. mail, Notice of the Settlement to the Rule 23 Class members at their last known addresses, using the addresses provided by Defendants and from the National Change of Address Registry. Included with the Notices will be a Claim Form.  The proposed Rule 23 Class Notice and Rule 23 Claim Form are attached to the Settlement as Exhibits A and B, respectively.

6. **Objection Procedures**.  Within forty five (45) days following the date on which the Claims Administrator mails the Notices to the Rule 23 Class, members who

wish to do so may file and serve written objections to the Settlement and notice of intention to appear to object at the final settlement hearing.

7. **Claims Administration and Payment of Claims**. All Rule 23 Class members who wish to participate must return a completed Rule 23 Class Claim Form within sixty (60) days of the date of mailing of the Rule 23 Notice to the class members. Those Rule 23 class members who timely return a valid Claim Form will be entitled to receive a settlement payment pursuant to the allocations contained in the Settlement.

## III. The Settlement is Fair, Adequate, and Reasonable

A strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Fed. R. Civ. P 23(e) gives courts an active role in approving class action settlements. Fed. R. Civ. P. 23(e). Courts evaluate proposed settlements to determine if they are "fundamentally fair, adequate and reasonable." *Id*.

The Ninth Circuit has identified eight factors to consider in evaluating a settlement's fairness, adequacy and reasonableness:

(1)    The strength of the plaintiff's case;

(2)    The risk, expense, complexity and likely duration of further litigation;

(3)    The risk of maintaining class action status throughout the trial;

(4)    The amount offered in settlement;

(5)    The extent of discovery completed, and the stage of the proceedings;

(6)    The experience and views of counsel;

(7)    The presence of a governmental participant; and

(8)      The reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Three of the factors listed above are not applicable in this case. The third factor is not applicable because, although the Court grants preliminary approval under the Fair Labor Standards Act, the Court has not yet certified the Rule 23 class.  The seventh factor is not applicable because there is no governmental participant.  The eighth factor is simply unknown at this point because the parties have not yet informed the putative class members about this proposed settlement.  The remaining five factors are discussed below.

### A.  The Plaintiffs' case is very strong

The Plaintiffs' case is very strong: Defendants admitted that they did not pay their employees overtime wages for hours worked in excess of 40 per week during the three-year statutory period.  Answer at ¶ 9.

### B.  Further Litigation will Probably be Costly, Long, and Risky for Everyone

The significant gaps in the data introduce uncertainty with respect to the amount of damages owed to those employees for whom there are no actual records of overtime owed.  The Plaintiffs will ask the jury to draw inferences based on assumptions suggested by the existing data, pursuant to the approach set forth in *Anderson v. Mt. Clemens Pottery Co.*,  328 U.S. 680, 688 (1946).  Thus, there is some risk in determining the damages for the 30 Rule 23 Class members for whom the existing records do not show the extent of their damages.

Moreover, trying this case will be very costly to all parties.  Although trying cases always involves some cost, this case will require the testimony of competing experts who will draw different conclusions from the evidence available.  Further, three attorneys represent the plaintiffs, and two currently represent the Defendants.  This will be a very expensive case to try.

### C.  The Amount Offered in Settlement is Fair

The settlement amount that the parties have agreed to is fair.  First, the amount will compensate all Rule 23 class members the overtime they are owed where existing records show they are owed overtime.  Moreover, it will compensate those Rule 23 class members statutory damages they are owed: Liquidated damages for those who opted in under the Fair Labor Standards Act, and penalty wages for the entire group.

The "data quality factor" approach to allocating the $46,154.45 remaining after distribution of amounts based on actual records logically estimates the likelihood that overtime is owed. Points are applied to each of the 30 employees without record evidence of overtime owed based on five separate criteria related to that probability.

Application of each of the following criteria to each employee results in accumulation of points.  For example, an employee who fits only one criteria would receive fewer points than one who fits several, resulting in fewer points and less money.  A description of each criteria follows.

1. **Worked at Multiple Locations**.  Employees who worked at multiple locations may have worked overtime when the hours worked at each location are aggregated.  Defendants did not recognize that the hours a given employee worked each restaurant counted toward the total hours that employee worked for the Little Big Burger enterprise. Defendants did not always keep accurate records of the hours each employee worked for any restaurant in the enterprise in a given week. Employees who worked at multiple locations are more likely to be owed overtime.

2. **Notice Status**.  Defendants identified some employees as having worked overtime, and therefore added them to the list of people who received notice of

the lawsuit, but those employees' actual records do not show any overtime owed. Defendants' identification of employees possibly owed overtime is a factor suggesting that overtime is owed.

3. **Opt-in Status**. Employees who opted in to the Fair Labor Standards Act suit have necessarily identified themselves are entitled to unpaid overtime. That self-identification increases the likelihood that overtime is owed, even where the records do not reflect that.

4. **Missing Time or Pay Records.** The absence of records may suggest that overtime is owed.

5. **Manager Designation**. Managerial employees are more likely to have worked overtime.

The proposed payment of Class Counsel Attorneys' Fees at $225,000 is also well within what is reasonable and customary in both wage and hour settlements and class actions settlements in general, and is equal to the 33% specified in Class Counsel's fee agreements with the named Plaintiffs. (Leiman Declaration, ¶2). Class Counsel's costs, not to exceed $23,000 are likewise reasonable for case of this size, complexity and duration. (Id., ¶3). Class Counsel received a not to exceed price from the claims administrator of $18,000, a reasonable amount for settlement administration expenses considering the size of the settlement class and complexity of the settlement. (Leiman Declaration, ¶4).

The proposed Service Payment to the named Plaintiffs in the total amount of $12,500 ($5,000 to Logan Vance and $7,500 to Corbyn Vance), is within the range of compensation typical for class representatives who have contributed their time and effort in furtherance of the litigation. (Leiman Declaration, ¶5). The named Plaintiffs worked closely consulting with Class

Counsel over the course of the litigation, and completed interrogatories. Plaintiff Logan Vance gave a deposition. Both named Plaintiffs attended the two settlement conferences: one lasting a full day, and the other lasting half a day.  Enhanced compensation in the form of the proposed Service Payments serve to make it more likely that employees or former employees will undertake the close scrutiny brought on by litigation in order to vindicate the rights of absent class members.

### D.  The Parties have Engaged in Extensive Discovery

This action was filed on May 12, 2014.  The parties held a Fed. R. Civ. P. 26(f) discovery conference shortly after Defendants answered the Complaint, and discovery has been continuing at a steady pace since that date.  Each side has taken depositions, propounded and answered Interrogatories, and exchanged thousands of documents.  This litigation is ripe for settlement.

### E. Counsels' Experienced View: This Settlement is Fundamentally Fair, Adequate, and Reasonable

In this case, counsel for each side are seasoned litigators with broad experience in employment litigation.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").  After multiple settlement efforts over more than a year and a half, including a settlement conference conducted by Judge Michael Simon, the parties counsel in this case agree that they have reached a settlement that is fundamentally fair, adequate, and reasonable.  It is one that this Court should approve.

### IV.  The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23(a)

The proposed certification of the Rule 23 Class meets each of the prerequisites for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

### A.  Numerosity.

There is no precise numerical cut-off point for what constitutes sufficient numerosity under Rule 23(a)(1).  *A.F. ex rel. Legaard v. Providence Health Plan,* 300 F.R.D. 474, 480 (D. Or. 2103). Generally, classes of 40 members are sufficiently numerous to meet the numerosity requirement.  *Id.*  Here, the Rule 23 Class is comprised of 123 members.  The Rule 23 class is sufficiently numerous as to make it impractical to join them as individual plaintiffs.

### B.  Commonality

A class meets the commonality requirement of Fed. R. Civ. P. 23(a) "if there are questions of fact and law which are common to the class," even if every question of fact and law is not common to all members of the class.  *Hanlon*, 150 F. 3d at 1019.  There need only be "shared legal issues with divergent factual predicates" *or* "a common core of salient facts coupled with disparate legal remedies within the class." *Id*. That the extent of individual damages varies among class members does not defeat the commonality of the factual and legal issues relating to liability. *Giles v. St. Charles Health System, Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013).

The commonality requirement of Fed. R. Civ. P. 23(a) is easily met.  For example, all putative class members worked preparing and serving food in one or more Little Big Burger locations within the three-year period preceding the filing of the Complaint and they were not paid time-and-one-half for hours worked in excess of 40 per week.  The common questions of law and fact are too numerous to provide an exhaustive list, but this requirement is certainly met.

### C.  Typicality

Fed. R. Civ. P. 23(a) provides that the claims or defenses of the class representative must be typical of the class. Claims are typical if they are "reasonably coextensive" with absent class members, even if they are not substantially identical.  *Hanlon*, 150 F.3d at 1020.

Here, both named plaintiffs have claims for unpaid overtime. All of the absent class members also have claims for unpaid overtime, even though some of the class members have opted in under the Fair Labor Standards Act, as the named plaintiffs have, and some have not. The named Plaintiffs' claims for unpaid overtime are reasonably coextensive with the claims of the absent class members.

### D.  Adequacy of Representation

The final prerequisite under Rule 23(a)(4) is that the class representative must be able to act "fairly and accurately to protect the interests" of all class members. Consistent with the requirements of constitutional due process, absent class members must have adequate representation before the court enters a judgment that binds them. *Id*. Whether representation is legally adequate turns on the resolution of two questions. *Id*. First, whether the named plaintiffs and their counsel have any conflicts of interest with other class members. *Id*. Second, whether the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *Id*.

The named plaintiffs do not have any conflicts of interest with other class members. Plaintiffs are members of the Rule 23 Class, and therefore share the same interests as the other class members in maximizing recovery from the Defendants. The settlement amount was negotiated prior to discussions about allocation for Logan Vance's retaliation claim and the allocation of the service payments to the two named plaintiffs. Thus, neither had any effect on the size of the settlement amount, which fairly and adequately compensates all Rule 23 class members. Finally, Class counsel has vigorously prosecuted this action, consistently striving to maximize the recovery to the absent class members.

### V.  The Proposed Settlement also Satisfies the Requirements of Fed. R. Civ. P. 23(b)(3)

To satisfy the requirements of Rule 23(b)(3), the district court must find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The matters pertinent to these findings include:

(1)    "the interest of members of the class in individually controlling the prosecution or defense of separate actions";

(2)    "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class";

(3)    "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and

(4)    "the difficulties likely to be encountered in the management of a class action."

Rule 23(b)(3)(A)–(D). However, the Supreme Court has held that a district court need not consider manageability in a "settlement only" class certification. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there be no trial.")

**A. Predominance**.

Under Fed. R. Civ. P. 23(b)(3), questions of law or fact common to class members must predominate over issues that affect only individual members. *Giles*, 294 F.R.D. at 595. In the context of wage and hour class actions, class issues predominate over individual issues if all of the class members' damages were the consequence of their employer's wage and hour violations, even if their individual class members' damages vary. *Id.* Here, Defendants failed to pay all

Rule 23 class members in accordance with federal and Oregon wage and hour law.  That basic fact predominates over any issue that affects only individual members.

### B.  Superiority

Under Fed. R. Civ. P. 23(b), class certification is appropriate if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The superiority requirement ensures that a class action is the most effective and efficient method of resolution.  *Giles*, 294 F.R.D. at 595.  "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id*. (citing *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir.2010)).

Litigating this case on an individual basis would be exorbitantly expensive.  Although damages vary among Rule 23 class members, many Rule 23 class members have damages so small that the cost of litigating this case on an individual basis would dwarf any particular employee's recovery. Class certification is clearly a superior vehicle for vindication the rule 23 class members' rights.

### VI. Class Notice is Adequate and Satisfies Due Process

Fed. R. Civ. P. 23(c)(2)(B) requires that for any class certified under Rule 23(b)(3), the "court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." Such class notice "must concisely and clearly state in plain, easily understood language"; (i) "the nature of the action"; (ii) "the definition of the class certified"; (iii) "the class claims, issues, or defenses"; (iv) "that a class member may enter an appearance through counsel if the member so desires"; (v) "that the court will exclude from the class any member who requests exclusion,

stating when and how members may elect to be excluded"; and (vi) "the binding effect of a class

judgment on class members under Rule 23(c)(3)."  Fed. R. Civ. P.  23(c)(2)(B).

Proper notice of a class action settlement should also (i) describe the essential terms of

the proposed settlement; (ii) disclose any special benefits provided to the class representative;

(iii) provide information regarding attorneys' fees; (iv) indicate the time and place of the hearing

for settlement approval and the method for opting-out or objecting to the settlement; (v) explain

the procedures for allocating and distributing settlement funds; and (vi) prominently display the

address and phone number of class counsel and the procedure for making inquiries.  *See* Manual

for Complex Litigation § 30.212 (3d ed.).  The proposed Notice to the Rule 23 Class attached as

Exhibit B to the Settlement meets each of these requirements. The proposed Notices are clear,

concise and satisfy due process requirements.

## VII.   Proposed Class Counsel Will Fairly and Adequately Represent the Interests of the Class

In appointing class counsel, the Court is required under Rule 23(g) to consider (i) "the

work counsel has done in identifying or investigating potential claims in the action"; (ii)

"counsel's experience in handling class action, other complex litigation, and claims of the type

asserted in the action"; (iii) "counsel's knowledge of the applicable law"; and (iv) "the resources

counsel will commit to representing the class."  Rule 23(g)(1)(C).

Proposed Class Counsel, Leiman & Johnson, LLC and Andrew Lewinter, Attorney, P.C.,

have extensive experience in handling class action cases, class action wage and hour cases, and

other types of cases regarding employment law violations.  Leiman & Johnson, LLC focuses its

practice on FLSA and Oregon Wage and Hour Law cases.  Alan J. Leiman has over twenty years

of litigation experience including complex civil litigation experience.  Andrew Lewinter has ten

years of experience litigating employment cases, including both wage and hour cases and cases involving retaliation for complaining about wage violations. Over a fourteen-month period, attorneys Drew G. Johnson, Alan J. Leiman, and Andrew Lewinter conducted an extensive investigation into Defendants' pay practices. They have reviewed thousands of documents, including time and pay records, spreadsheets, and records relating to Defendants' pay practices. Class Counsel have also spent considerable time researching federal and Oregon law. (Leiman Declaration, ¶¶6,7). Class Counsel also invested resources in securing the assistance of EcoNorthwest as its retained litigation expert for purposes of assisting counsel with its investigation, and for purposes of assuring that the proposed Settlement allocations are fair to class members. (*Id*. at ¶8).

## IV. Conclusion

For all the foregoing reasons, the Parties respectfully request that the Court enter an Order preliminarily approving of the Settlement and (ii) scheduling a Fairness Hearing on the question of whether the Settlement should be approved; (iii) preliminarily certifying the Rule 23 Class for settlement purposes; (iv) approving as to form and content the proposed Notice to Rule 23 Class; (v) approving as to form and content the proposed Rule 23 Claim Form; and (vi) approving Alan J. Leiman and Drew G. Johnson of Leiman & Johnson, LLC and Andrew Lewinter of Andrew Lewinter, Attorney, P.C. as Class Counsel, Plaintiffs as Class Representatives, and Class Action Administration, Inc. as the Claims Administrator; and (vii) vacating all pre-trial deadlines.

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word-count limit under LR 7-2(b) because it contains 4,903 words, including headings, footnotes, and quotations, but excluding the caption, signature block and any certificates of counsel.

DATED: January 13, 2016                    Respectfully submitted,


/s Alan J. Leiman
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs


/s Drew G. Johnson
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377


/s Andrew Lewinter
Andrew Lewinter
E-mail: andrewlewinter@yahoo.com
Oregon State Bar No.: 080031
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
Attorney for Plaintiffs

/s Todd A. Hanchett
Todd A. Hanchett
Email: tahanchett@stoel.com
Oregon State Bar No. 992787
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Of Attorneys for Defendants


/s John B. Dudrey
John B. Dudrey
Email: jbdudrey@stoel.com
Oregon State Bar No. 083085
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
Of Attorneys for Defendants