**Alan J. Leiman (OSB No. 980746)**
alan@leimanlaw.com
**Drew G. Johnson (OSB No. 114289)**
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

**Andrew S. Lewinter (OSB No. 080031)**
ANDREW LEWINTER, ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
andrewlewinter@yahoo.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CUARTO LLC**, an Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, an Oregon limited liability company, **SEXTO LLC**, an Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, **NOVENO LLC**, an Oregon limited liability company, **OCTAVO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually,<br><br>Defendants. | Case No.:  6:14-cv-00777-MC<br><br>**Unopposed Motion and Memorandum for Final Approval of Class Action Settlement** |

**Local Rule 7-1 Certification.** The Parties have conferred and this Unopposed Motion for Final Approval of Class Action Settlement is filed by Plaintiffs pursuant to the Joint Motion for Preliminary Approval of Class Action Settlement filed on January 26, 2016 (Docket 101).

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs move this Court for an Order:

(a) Granting final approval of the Stipulated Settlement Agreement, including the Release of Claims contained therein (Docket 101-1);

(b) Certifying the Rule 23 Class for settlement purposes;

(c) Approving Service Payments to the Named Plaintiffs, as set forth in the Settlement Agreement and requested in Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Payments, filed separately herewith;

(d) Awarding Class Counsel's attorneys' fees and costs, as set forth in the Settlement Agreement and requested in Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Payments, filed separately herewith;

(e) Approving the Parties' proposed final settlement procedure;

(f) Dismissing the Action with prejudice, with the Court retaining jurisdiction solely for purposes of enforcing the Settlement, addressing Settlement administration matters, and addressing such post-Judgment matters as may be appropriate.

This Motion is supported by the attached Memorandum of Law, and the Declarations of Kevin Dageforde, and Alan J. Leiman, filed herewith, together with the Exhibits filed therewith.

DATED May 17, 2016

Respectfully submitted:

<u>  /s/ Alan J. Leiman</u>
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs


<u>  /s/ Drew G. Johnson</u>
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

<u>/s Andrew Lewinter</u>
Andrew Lewinter
E-mail: andrewlewinter@yahoo.com
Oregon State Bar No.: 080031
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
Of Attorneys for Plaintiffs

## MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**I.     INTRODUCTION**

Plaintiffs Corbyn Vance and Logan Vance (collectively, "Plaintiffs") submit this Memorandum in support of their Motion for Final Approval of Class Action Settlement. The Stipulated Settlement Agreement (Doc. 101-1) (the "Settlement") resolves all claims before this Court, and as set forth herein, and in the Parties' Joint Motion for Preliminary Approval (Doc. 101), satisfies all criteria for final approval. The Court has scheduled a Fairness Hearing for Wednesday, June 1, 2016, at 10:00 am to address final approval of the Settlement.

**PROCEDURAL BACKGROUND**

**A.  Overview of Investigation**

Before filing this Action, Class Counsel conducted an investigation into the underlying merits of Plaintiffs' and the class claims concerning the non-payment of overtime. (Declaration of Alan J. Leiman, ¶2 (hereinafter "Leiman Decl.")). After concluding their investigation, counsel filed their Class Action Complaint initiating this Action on May 12 2014.

**B. Course of the Litigation.**

Plaintiffs, former employees of Defendants, filed this action on behalf of themselves and other similarly situated current and former employees seeking to recover unpaid overtime, liquidated damages, penalties, costs, and attorney fees resulting from the alleged non-payment of overtime by Defendants. Plaintiffs' First Amended Complaint alleges that Defendants violated: the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et. seq.,("FLSA") (Doc. 41, ¶¶ 24-39); and provisions of Oregon Wage and Hour law pertaining to the timing of final pay, ORS Chapters 652 and 653. (*Id.*, ¶¶ 50-69). Plaintiff Logan Vance also alleged that

his termination was the result of unlawful retaliation under the FLSA. (*Id.*, ¶¶ 40-49).

During the course of the litigation Defendants admitted that they did not pay some of their employees overtime wages for hours worked in excess of 40 per week during the applicable statutory period. (Doc. 50, ¶9). The Settlement provides for payment to the Rule 23 Settlement Class of both wages and non-wage compensation to be paid as interest and/or penalties and other compensation. (Doc. 101-1, §5).

Discovery was extensive and commenced shortly after the Action was filed in May, 2014. Each side took depositions, propounded and answered Interrogatories, and exchanged thousands of pages of documents. (Leiman Decl., ¶3).

### C. The November 13, 2015 Settlement Conference.

After reviewing, analyzing, and digesting the pay records and other data provided by Defendants, and with assistance from their retained litigation expert, Class Counsel completed a comprehensive analysis of prospective damages and an evaluation of the strengths and weaknesses of the Parties' respective claims and defenses prior to attending the settlement conference. (*Id.*, ¶¶ 4, 5). The negotiations were conducted at arms-length, with the Honorable Judge Michael H. Simon acting as a mediator. At the settlement conference, both named Plaintiffs were present with counsel, and individual Defendants Poppe and Camden were present with their legal counsel. (*Id.*, ¶ 6).

The parties engaged in a vigorous back-and-forth, each taking the opportunity to inform the other of positions on the factual, legal, and litigation issues raised at the mediation. (*Id.*, ¶7). Plaintiffs Corbyn and Logan Vance assisted by conveying their collective experience of working for Defendants, and about the policies and practices that led to the underpayment of wages by Defendants. (*Id.*, ¶8).

At the settlement conference the Parties were able to reach agreement on terms including

**Unopposed Motion and Memorandum for Final Approval of Class Action Settlement**

payment of a gross settlement fund amount to settle the litigation. The Settlement provided that unclaimed settlement payments would revert to Defendants. After the settlement conference additional work was done regarding allocations of the gross settlement payments to the Rule 23 Settlement Class members, and the details of the settlement administration process were negotiated. The parties reached final agreement, and the Stipulated Settlement Agreement (Doc. 101-1) was fully executed as of January 26, 2016.

On February 2, 2016, the Court granted the Parties' Joint Motion for Preliminary Approval of the Settlement (Doc. 101), and Class Counsel retained Class Action Administration, Inc. ("CAA") to implement the terms of the Settlement. (Leiman Decl., ¶ 9).

## II. Settlement Terms.

The Settlement requires Defendants to pay no more than Six-Hundred-Seventy-Five Thousand Dollars (US $675,000) to settle all claims relating to the litigation (Doc. 101-1, §2.15). The Settlement Amount will be used to pay: (i) settlement payments to 78 Rule 23 Settlement Class members who returned valid and timely Claim Forms as set forth on Exhibit B to the Declaration of Claims Administrator Kevin Dageforde ("Dageforde Decl.") filed herewith; (ii) Class Counsels' attorneys' fees of $225,000; (iii) Class Counsels' litigation costs and costs of settlement administration of $41,000; (iv) Service Payments to the named Plaintiffs for their efforts and participation in the litigation in the amount of $7,500 to Corbyn Vance, and $5,000 to Logan Vance.

### A. Allocations.

There were 78 individuals who returned timely and approved Claim Forms before the deadline. (Dageforde Decl., ¶14). For each individual, the allocated recovery agreed to by the parties depended on a number of factors, including whether the employee has previously opted in to the case under the Fair Labor Standards Act, and whether existing records showed the

**Unopposed Motion and Memorandum for Final Approval of Class Action Settlement**

overtime owed. Where the time records were missing or incomplete, the Parties agreed on a formula to estimate the overtime owed. The factors used to determine the allocations that upon final approval of the Settlement will be paid are set forth in the parties' Joint Motion for Preliminary Approval. (Doc. 101, pp. 10-11). The amount of the settlement payments to be paid to the 78 Rule 23 Settlement class members who returned valid and timely Claim Forms are set forth in Exhibit 4 to the Motion for Preliminary Approval of Class Action Settlement (Doc. 101-4).

### B. Factors Considered in Settlement.

Plaintiffs and Class Counsel, after evaluation of the disputed and factual legal issues relating to the Parties' respective positions in the Action and taking into account risks and uncertainties, end expense of continued litigation, as well as the substantial benefits to be received pursuant to the mediated compromise reached by the Parties and other relevant considerations have concluded that a settlement of this Action on the terms and conditions set forth in the Settlement are fair, adequate, and reasonable, and in the best interests of Plaintiffs and the Rule 23 Settlement Class (Leiman Decl., ¶ 10). The Settlement provides a fair, efficient, cost-effective, and assured procedure for providing a monetary award to Plaintiffs and the members of the Rule 23 Settlement Class. As set forth in the Settlement, Defendants have agreed to settle this action in recognition of the risks, uncertainties and expense of continued litigation. (Docket 101-1).

### C. Notice to Class and Class Members' Responses to Settlement.

Pursuant to the Court's Order granting preliminary approval (Doc. 103), on March 2, 2016, the Claims Administrator timely mailed the court-approved Notice Packet to the 122 mailing addresses appearing on the Class mailing list. (Dageforde Decl.,¶6). After all attempted

mailings, a total of 110 Rule 23 Settlement Class members were mailed a copy of the Notice Packet without being returned to the administrator. (*Id*., ¶7). The Claims Administrator received no objections to the Settlement, and no requests for exclusion from the Settlement. (*Id*., ¶¶ 10, 12).

### III.    Certification of the Rule 23 Class for Settlement Purposes

For the reasons set forth in the Parties' Joint Motion and Memorandum for Preliminary Approval of Class Action Settlement (Doc. 101), the Court should certify for settlement purposes the Rule 23 Class that was preliminarily certified in the Court's Order granting preliminary approval of the Settlement (Doc. 103). The Rule 23 Class satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and final certification is appropriate. The Settlement is fair, adequate and reasonable, and satisfies the requirements for a fair settlement set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

### IV.    The Settlement is Fair, Adequate and Reasonable

A strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Ninth Circuit has identified eight factors to consider in evaluating a Rule 23 class action settlement's fairness, adequacy and reasonableness:

(1)  The strength of the plaintiff's case;

(2) The risk, expense, complexity and likely duration of further litigation;

(3) The risk of maintaining class action status throughout the trial;

(4) The amount offered in settlement;

(5) The extent of discovery completed, and the stage of the proceedings;

(6) The experience and views of counsel;

(7) The presence of a governmental participant; and

(8) The reaction of the class members to the proposed settlement.

**Unopposed Motion and Memorandum for Final Approval of Class Action Settlement**

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The 7th factor is inapplicable; however, the remaining seven factors support the conclusion that the proposed Settlement is fair to the Rule 23 Class. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness". *Hanlon*, 150 F.3d at 1026.

    A. **Factor No. 1 – Strength of Plaintiff's Case.**

The Plaintiffs case is strong: Defendants admitted that prior to the filing of this action they failed to pay members of the Rule 23 Settlement Class the overtime wages they were owed. *E.g.* Def's Answer and Affirmative Defenses at ¶ 9 (Doc. 7) (admitting that "to the extent its non-exempt employees worked in excess of 40 hours during a single workweek, such employees were not paid one-and-a-half times their regular hourly rate for these hours.").

    B. **Factor No. 2 – Risk, Expense, Complexity, and Duration of Continuing.**

Continuing the litigation would cause additional expense and delay and come with risk to all Parties. Despite the extensive discovery already conducted, completion of discovery, including additional depositions, and discovery surrounding the Parties' experts, would be necessary. There would be litigation surrounding class certification, followed by dispositive motions on important substantive issues such as applicable statutory limitations periods and entitlement to liquidated damages and penalties. Both sides risk adverse rulings that would significantly impact the outcome of the litigation. A fact-intensive trial would be necessary. Preparing and putting on evidence at such a trial would consume a tremendous amount of time and resources and would use substantial judicial resources. An Appeal would be a likely outcome of Judgment resulting from continued litigation, further extending the duration of the litigation. The Settlement provides monetary relief to the class members in a prompt and efficient manner and the second *Hanlon* factor favors approval of the Settlement.

### C. Factor No. 3 – Risk of Maintaining Class Action Status at Trial.

If the litigation were to continue, Defendants would likely contest certification of the Rule 23 Class. The Settlement provides that Defendants' class stipulation would not be effective if the Settlement is not approved. (Doc. 101-1, ¶4.1). While all of the essential Rule 23 pre-requisites are present and satisfy the standards for certification of the Rule 23 Class for settlement purposes, the complexity of the multiple allegations of the First Amended Complaint and the nature of the damage calculations would place the class members at risk of non-certification at a later stage of the proceeding. Such a ruling would put the all of the current and former employees who have elected to participate in the Settlement, and who upon approval will receive compensation in the form of a penalty, in the position of having to bring these complex and aging claims on their own behalf. The Settlement eliminates the risk that the Rule 23 Class members would not be permitted to proceed collectively. Although the third *Hanlon* factor is present in every case, the complexity of the allegations and the nature of the damages favor Settlement over continued litigation.

### D. Factor No. 4 – Amount Offered in Settlement.

The gross Settlement Amount of Six Hundred and Seventy-five Thousand Dollars ($675,000) is a fair and adequate amount to compromise the claims of the Rule 23 Settlement Class members. The amount allows for members of the Rule 23 Class to receive both an overtime wage payment, and payment of an amount for non-wage damages, including interest, penalties and other non-wage consideration. Those Rule 23 Class Members who earlier had opted in to the case under the Fair Labor Standards Act, are also receiving an amount for liquidated damages pursuant to 29 U.S.C. § 216(b). The amount of the settlement was the product of arms-length, vigorous negotiation and as a result the fourth *Hanlon* factor favors approval of the Settlement.

**Unopposed Motion and Memorandum for Final Approval of Class Action Settlement**

E.   **Factor No. 5 – Extent of Discovery Completed and Stage of Proceedings**.

Class Counsel conducted an extensive investigation into the pay practices of Defendants. That investigation included multiple depositions and retention of an economic expert to evaluate the discrepancies in Defendants' pay and time records, and arrive at a fair estimate of Rule 23 Class Members' damages where the existing records were incomplete. The question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3rd Cir. 2004) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3rd Cir. 2001). Here, the extent of Class Counsels' investigation and considerable discovery satisfies the fifth *Hanlon* factor and favors approval of the Settlement.

F.   **Factor No. 6 – Experience and Views of Counsel**.

As set forth herein and in the Parties' Joint Memorandum for Preliminary Approval of the Settlement, Class Counsel are experienced wage and hour litigators who have devoted hundreds of hours to the investigation and evaluation of the claims brought on behalf of the Rule 23 Class members. Upon careful consideration of the litigation risks set forth in Factor No. 2 above, Class Counsel believes the Settlement is in the best interest of the Rule 23 class members. The sixth *Hanlon* factor favors approval of the Settlement.

G.   **Factor No. 8 – Reaction of the Class**.

The reaction of the Rule 23 Class members to the Settlement was positive. The 78 approved claims represent a 70.9% participation rate among the 110 eligible Rule 23 Class members who were mailed a copy of the Notice Packet without all attempts being returned as undeliverable. (Dageforde Decl., ¶¶7, 14). There were no objections to the Settlement sent to the Claims Administrator. (*Id*., ¶10). The Claims Administrator received no opt-out requests from eligible Rule 23 Class members. (*Id*., ¶12). The eighth *Hanlon* factor favors approval of

the Settlement.

## V.     Attorneys' Fees, Costs and Service Payments to Named Plaintiffs.

Concurrently with the filing of this Motion for Final Approval, Class Counsel is filing a separate Motion for Attorneys' Fees, Costs and Service Payments to the named Plaintiffs which, pursuant to the terms of the Settlement, Defendants do not oppose.

## VI.    Conclusion.

For all the foregoing reasons, the Parties respectfully request that the Court enter an Order approving the Settlement and (ii) certifying Rule 23 Class for settlement purposes; (iii) granting the concurrently filed Motion for Attorneys' Fees, Costs and Service Payment; (iv) approving the final Settlement procedures; and (v) dismissing the Action with prejudice, with the Court retaining jurisdiction solely for purposes of enforcing the Settlement, addressing Settlement administration matters, and addressing such post-Judgment matters as may be appropriate.

DATED May 17, 2016

        Respectfully submitted,

        */s/ Alan J. Leiman*
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Attorney for Plaintiff

        */s/ Drew G. Johnson*
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Attorney for Plaintiff

/s Andrew Lewinter
Andrew Lewinter
E-mail: andrewlewinter@yahoo.com
Oregon State Bar No.: 080031
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
Attorney for Plaintiffs