**Alan J. Leiman (OSB No. 980746)**
alan@leimanlaw.com
**Drew G. Johnson (OSB No. 114289)**
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377

**Andrew S. Lewinter (OSB No. 080031)**
ANDREW LEWINTER, ATTORNEY, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
andrewlewinter@yahoo.com

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **CORBYN VANCE** and **LOGAN VANCE,** individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CUARTO LLC**, an Oregon limited liability company, **SEPTIMO LLC**, an Oregon limited liability company, **LBB LLC**, an Oregon limited liability company, **SEXTO LLC**, an Oregon limited liability company, **PRIMERO LLC**, an Oregon limited liability company, **SEGUNDO LLC**, an Oregon limited liability company, **QUINTO LLC**, an Oregon limited liability company, **NOVENO LLC**, an Oregon limited liability company, **OCTAVO LLC**, an Oregon limited liability company, collectively all doing business as **LITTLE BIG BURGER** and **MICAH CAMDEN** and **KATHERINE POPPE**, individually,<br><br>Defendants. | Case No.:  6:14-cv-00777-MC<br><br>**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs** |

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

Page 1

**Local Rule 7-1 Certification.** Pursuant to the terms of the Settlement (Doc. 101-1) Defendants do not oppose this Motion for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs.  (Doc. 101-1 at ¶5.4).

### MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENTS

Pursuant to the Settlement (Doc. 101-1), and the Joint Motion for Final Approval of Class Action Settlement filed concurrently herewith, Plaintiffs move this Court for an Order:

(a)  Awarding Class Counsel's attorneys' fees of $225,500 representing one-third of the gross Settlement amount;

(b) Approving the Settlement's provision that Class Counsel be reimbursed for litigation costs of $41,000, which costs include the cost of the Settlement Administrator;  and

(c)  Awarding Service Payments to the Named Plaintiffs totaling $12,500.

This Motion is supported by the attached Memorandum of Law, and the Declaration of Alan J. Leiman, filed herewith, together with the Exhibits filed therewith.

DATED May 17, 2016.

                        Respectfully submitted:

                         /s   Alan J. Leiman_____
                        Alan J. Leiman
                        E-mail: alan@leimanlaw.com
                        Oregon State Bar No.:  98074
                        44 W. Broadway, Suite 326
                        Eugene, OR  97401
                        Telephone: (541) 345-2376
                        Facsimile:  (541) 345-2377
                        Of Attorneys for Plaintiffs

/s   Drew G. Johnson
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiffs

/s Andrew Lewinter
Andrew S. Lewinter
E-mail: andrewlewinter@yahoo.com
Oregon State Bar No.: 080031
101 E. Broadway, Suite 220
Eugene, OR  97401
Telephone: (541) 686-4900
Facsimile:  (541) 686-1300
Of Attorneys for Plaintiffs

# MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE PAYMENTS TO NAMED PLAINTIFFS

**INTRODUCTION**

By separate Motion filed concurrently herewith, the Parties have jointly moved the Court for final approval of the Stipulated Settlement Agreement  ("Settlement") (Doc. 101-1) that was preliminarily approved by the Court on February 2, 2016 (Doc. 103).  The terms of the Settlement include provisions for payments of the amounts requested herein for Class Counsel's attorneys' fees, litigation costs, and Service Payments to the named Plaintiffs.

A.        Attorneys' Fees

The Settlement provides that Leiman & Johnson, LLC (hereinafter "Class Counsel") will request, and Defendants will not oppose, payment of attorneys' fees to Class Counsel of one-third of the gross settlement amount, which amounts to $225,000.  (Doc. 101-1, ¶5.4.1)   Class Counsel was retained on a contingency basis, and fee agreements with the named Plaintiffs specify payment of 33% of gross recovery as attorneys' fees.  (Declaration of Alan J. Leiman, ¶

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

7 (hereinafter, "Leiman Decl.")).

The Parties used a "common fund" settlement approach in their negotiations, whereby Defendants agreed to pay a gross settlement amount from which attorneys' fees, costs, service payments and claims administration expenses would be paid. "In 'common fund' cases, where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method [to determine attorneys' fees]." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), (citing, *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)). The percentage method means that the Court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee. *Hanlon*, 150 F.3d at 1029, (citing, *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Class Counsel is asking the Court to adopt the "common fund" approach, and award Class Counsel their attorneys' fees at the negotiated and unopposed one-third of the gross settlement amount.

1. **Reasonableness of Request for Attorneys' Fees**

Class Counsel were able to obtain a $675,000 gross settlement for the Rule 23 Class, with a total of 122 members. In total, 78 members of the Rule 23 Class who timely returned claim forms will receive cash settlements. *See*, Joint Motion and Memorandum for Final Approval filed herewith, and the supporting Declarations filed therewith. The sizeable settlements are a direct result of Class Counsels' diligent efforts, vigorous negotiations, and extensive familiarity with the facts and law applicable to this case.

Class Counsel have carried the entire risk and costs of litigation, on a pure contingency basis, since prior to May 12, 2014. (Leiman Decl. ¶ 8). Undertaking the representation of large numbers of affected employees in actions such as this requires a tremendous investment of time,

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

energy and resources and counsel must be prepared for the possibility of an unsuccessful outcome. Because of the resources required to litigate this case, and because of the resources anticipated to be required for trial, Class Counsel were at considerable financial risk in this Action. (*Id*., ¶ 9). In addition, unresolved complex legal issues had the potential to significantly impact the case and added to the litigation risks borne by Class Counsel.

Activities conducted by Class Counsel included, but were not limited to: review and analysis of thousands of pages of documentary discovery produced by Defendants; extensive legal research into FLSA and Oregon Wage and Hour Law; preparation of discovery requests and review of discovery responses; taking depositions; defending depositions; working with Class Counsels' expert to organize and analyze data and compute damages; preparing for and attending a settlement mediation and judicial settlement conference; negotiating and documenting the Settlement; keeping the named Plaintiffs informed, and responding to requests for information from class members; and attending to all post-Settlement matters, including preliminary approval and claims administration oversight. (*Id*., ¶ 10).

In performing these tasks, Class Counsel has worked no less than 859 hours. (*Id*., ¶ 11). Class Counsel will need to spend additional time attending the Fairness Hearing, and monitoring the final settlement implementation. Class Counsels' fee agreements with the named Plaintiffs specify an hourly rate of $325 per hour for attorneys Leiman and Lewinter and $275 per hour for attorney Johnson. (*Id*., ¶ 12). In addition, attorney Stacy McKerlie, who worked as an Associate attorney for Class Counsel worked on the case at an assigned billing rate of $175 per hour. (*Id*.) The request that the Court use the "common fund" approach and award attorneys' fees equal to one-third of the gross settlement amount is reasonable and meets the Ninth Circuit benchmark set in *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990).

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

## 2. Lodestar Cross Check Supports an Award of one-third of Gross Settlement Amount

Class Counsel's request for one-third of the gross Settlement Amount is slightly less than the total hours recorded by Class Counsel. (Leiman Decl., ¶ 13). Thus, there is no applicable "loadstar" multiplier. One-third of the gross settlement amount is extremely reasonable. *Compare, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002) (listing nationwide class action settlements where multipliers ranged up to 8.5 times); *Steiner v. American Broadcasting Co., Inc.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (approving a multiplier of 6.85 times loadstar).

B.   **Reimbursement of Litigation Costs**

Pursuant to the Settlement Agreement, Defendants do not oppose Class Counsels' request for reimbursement of $41,000 in litigation costs. (Doc. 101-1, ¶5.4.) The amount estimated in the Settlement Agreement includes the recovery of cost items that would not ordinarily be recoverable as taxable costs, including reimbursement for expert witness fees and deposition costs. (Leiman Decl., ¶ 14). Class Counsel's total litigation related expenditures on this matter exceed the $41,000 being requested, with $21,375 going to class administration expenses, and $12,585 going to its retained expert. (*Id.*). The Court is being asked to approve a provision of the Settlement negotiated with the intent of reimbursing Class Counsel for these expenditures, in lieu of enforcement of the fee agreement provisions that provide for the payment of all litigation related expenses out of the recovery. (*Id.*, ¶ 15(. The expenditures were reasonable and the Court should approve the Settlement provisions regarding the reimbursement for these litigation costs and expenses.

That $41,000 costs reimbursement includes $18,000 for Settlement administration

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

expenses. (Doc. 101-1, ¶5.4.1.)  Class Action Administration, Inc., ("CAA") the approved Claims Administrator, is handling the Settlement administration process for a flat rate of $18,000. (Leiman Decl., ¶ 18).  The negotiated price is all-inclusive.  (*Id*.).  To date, CAA has timely fulfilled all of its obligations as the Claims Administrator and has been responsive to Class Counsel and Defendants' counsel.  (*Id*.).

The Court should approve the payment of costs of $41,000, which include settlement administration expenses in the amount of $18,000 and litigation costs.

C. **Service Payment to Named Plaintiffs**.

The Settlement provides for the payment of $12,500 to be distributed to the two named Plaintiffs as "Service Payments".  Doc. 101-1, ¶5.4.5.  Service Payments are often referred to as "incentive awards".   The Ninth Circuit has approved the use of incentive awards in class action litigation.  See, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).  Among the factors the district court considers in approving incentive awards are: the actions the Plaintiff(s) have taken to protect the interests of the class; the degree to which the Class has benefitted from those actions, and; the amount of time and effort the Plaintiff(s) expended in pursuing the litigation.  *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

In this case, both named Plaintiffs acted to protect the interests of the Class during the initial investigation of potential claims, and throughout the course of the litigation, including timely cooperation during the discovery phase of the litigation.  (Leiman Decl., ¶ 17).  Both named plaintiffs were interested in being kept apprised of the litigation throughout, and made frequent inquiries about the status of the case. (*Id*.).  The named Plaintiffs also provided Class Counsel with key "technical assistance" regarding factual circumstances and the nature of the work performed by various class members, along with information about the common policies

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

and payroll practices at the center of this case. (*Id.*, ¶ 18). The named Plaintiffs also provided declarations and deposition testimony during the course of the litigation. (*Id.*, ¶ 19). Both named Plaintiffs also attended a pre-filing mediation and the settlement conference where they actively advocated for the interests of the Class. (*Id.*, ¶ 20). The named Plaintiffs expended significant amounts of personal time and effort during the course of the litigation through their participation in case investigation and discovery, as well as through time on the phone and attending meetings with Class Counsel, and by providing testimonial evidence in support of the Class claims. (*Id.*, ¶ 21). The named plaintiffs provided extensive support to Class Counsel throughout the litigation. Given their prominent role in the litigation, and time spent in furtherance of the litigation on behalf of the Class, Class Counsel has proposed an award of $12,500 for the two named plaintiffs: $7,500 for Corbyn Vance and $5000 for Logan Vance. The difference in the amount of the service payments to each named plaintiff accounts for the funds that Plaintiff Logan Vance will receive in settlement of his retaliation claim. (Doc. 101-1, ¶9.4.)

      WHEREAS, Class Counsel respectfully asks the Court in connection with its Final Approval of the Settlement to grant this unopposed Motion for Attorneys' Fees, Costs, and Service Payments.

////

////

////

**Motion and Memorandum for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs**

DATED May 17, 2016

                      Respectfully submitted,

                      <u>/s Alan J. Leiman</u>
                      Alan J. Leiman
                      E-mail: alan@leimanlaw.com
                      Oregon State Bar No.:  98074
                      44 W. Broadway, Suite 326
                      Eugene, OR  97401
                      Telephone: (541) 345-2376
                      Facsimile:  (541) 345-2377
                      Attorney for Plaintiff

                      <u>/s Drew G. Johnson</u>
                      Drew G. Johnson
                      E-mail: drew@leimanlaw.com
                      Oregon State Bar No.:  114289
                      44 W. Broadway, Suite 326
                      Eugene, OR  97401
                      Telephone: (541) 345-2376
                      Facsimile:  (541) 345-2377
                      Attorney for Plaintiff

                      <u>/s Andrew Lewinter</u>
                      Andrew S. Lewinter
                      E-mail: andrewlewinter@yahoo.com
                      Oregon State Bar No.: 080031
                      101 E. Broadway, Suite 220
                      Eugene, OR  97401
                      Telephone: (541) 686-4900
                      Facsimile:  (541) 686-1300
                      Attorney for Plaintiff